TAPRECIA WASHINGTON, a Minor, by her Parent and Next Friend, Denise Patton, Plaintiff-Appellee, v. CAROL SMITH, in her Official Capacity as President of the Board of Education, School District No. 215, *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—93—0121

Opinion filed June 9, 1993.

---

*Justice Cousins has read the briefs in this appeal in place of Justice Lorenz, who has retired.

Robert H. Ellch, John M. Izzo, and Kelly A. Hayden, all of Chicago Heights, for appellants.

Eugene C. Edwards and Mischelle Causey-Drake, both of Cook County Legal Assistance Foundation, of Harvey, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Taprecia Washington (Taprecia), a minor, by her parent and next friend, Denise Patton, brought a common law *certiorari* proceeding for injunctive and declarative relief from an order of the Board of Education, School District No. 215 (Board). The Board's order expelled her for one semester from Thornton Fractional North High School (Thornton), for possessing an ice pick while on school property. Carol Smith, Steven Toth, Mary Lou Coneen, Ralph Spargo, Beatrice Taylor and Debbie Waitekus were named defendants in their official capacities as officers and members of the Board. The trial court entered a preliminary injunction allowing Taprecia to continue school for the semester. After a hearing, the trial court reversed the Board's order. The defendants have appealed from the trial court's order reversing the Board's order. We affirm.

During the spring semester of 1992, Taprecia was completing her third year of high school at Thornton. On May 22, 1992, the dean of students received information that Taprecia brought a weapon to school, and he asked her if she was carrying a weapon.

Taprecia then removed an ice pick from her purse and gave it to him. As a result, Taprecia was immediately suspended from school for 10 days. After the 10-day suspension, she was allowed to return to school to take her final examinations for the semester.

Thornton also recommended to the Board that Taprecia be expelled for one school semester for possessing a weapon on school property. Following a hearing on June 16, 1992, the Board entered an order expelling Taprecia from school for the 1992 fall semester. Thereupon, Taprecia brought the present proceeding in the circuit court.

The trial court entered a preliminary injunction enjoining the defendants and the Board from suspending Taprecia from school for the 1992 fall semester. After conducting a hearing, the trial court reversed the Board's June 16, 1992, order and entered an injunction enjoining the defendants and the Board from expelling Taprecia from school for the 1992 fall semester and from any other semester.

The trial court entered its order on the basis that the report of proceedings by the Board was inadequate to allow the trial court to review the Board's decision under a common law *certiorari* proceeding. The trial court stated:

> "It is with genuine regret that this Court finds it must reverse the Board's finding because of an insufficient record of proceedings before it that does not allow the Court to intelligently fulfill its certiorari obligations.
>
> * * *
>
> The problem here is the record of proceedings which has been presented to the Court. *** To affirm, based upon the incomplete record produced here, would be a condonation of the less than due process afforded students under circumstances where the serious penalty of expulsion is a possibility."

The report of proceedings consisted of an audio tape that is partially inaudible and an affidavit of the recording secretary of the Board "charged with the responsibility of keeping the record of proceedings before the Board." The affiant attached six typewritten pages of testimony before the Board, but not all of the testimony was transcribed.

■ We disagree with the trial court's conclusion that the report of proceedings before the Board was inadequate to allow review of the Board's decision. The supreme court rules provide that if no verbatim transcript of the evidence of proceedings is obtainable, a

proposed report of proceedings from the best available sources, including recollection, may be filed. (See 134 Ill. 2d R. 323(c).) We believe this rule, which is applicable to appeals from the trial court to the appellate court, is also applicable for review of an administrative agency's decision by the trial court by way of a common law writ of *certiorari*.

■ Here, the report of proceedings before the Board from the best available sources, including recollection, was filed. Although the report of proceedings does have some voids, it is plainly sufficient to apprise the court as to the proceedings before the Board. Moreover, the trial court stated in its memorandum of opinion: "The material facts are not disputed." Also, on appeal the parties do not dispute the material facts. Under the circumstances, we conclude that the record before the trial court was sufficient to allow review of the Board's decision.

The remaining question for our review deals with whether the Board's June 16, 1992, order is against the manifest weight of the evidence and an abuse of discretion. (See *Norton v. Nicholson* (1989), 187 Ill. App. 3d 1046, 1058, 543 N.E.2d 1053, 1059.) It is within the discretion of a school board to expel a student who is guilty of gross disobedience or misconduct. (Ill. Rev. Stat. 1991, ch. 122, par. 10—22.6.) The discretion, however, does have limits.

■ In the present case, we agree with the Board that when a student carries an ice pick on school property without any legitimate, school-related purpose it is misconduct. There is no evidence, however, that Taprecia exhibited, brandished or otherwise threatened anyone with the ice pick. Her explanation for possessing the ice pick was that she was returning it to a friend who left it at her house the previous evening. Moreover, although Taprecia's past conduct is not exemplary, neither is it egregious. The school principal testified that "Taprecia's disciplinary record contained six or seven disciplinary incidents, including one suspension for fighting." The Board concedes, however, that Taprecia "has never had a 'severe' referral" disciplinary problem.

Under all the circumstances, the misconduct involved in this case is plainly not sufficient to expel Taprecia from school for a semester. This is especially true since she has already been suspended 10 days for the incident. The Board's order of suspension for a semester is therefore palpably against the manifest weight of the evidence. In addition, the Board's order expelling Taprecia from school for the 1992 fall semester for the misconduct that is involved here

is an abuse of discretion because the misconduct is plainly not sufficient to expel her for a semester.

Accordingly, the trial court's order reversing the Board's order which expelled Taprecia for one semester from Thornton is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.